IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-370-D |
| | § | |
| MATTHEW HAWRYLAK (3) and BRITT HAWRYLAK (4), | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Matthew Hawrylak ("Matthew") and Britt Hawrylak ("Britt") move for an accounting of restitution payments and credits, for determination of the payoff amount, and for satisfaction of judgment upon payment. The government has not responded to the motion. For the reasons that follow, the court denies defendants' motion, but orders the government to respond to the motion within 14 days of the date this memorandum opinion and order is filed.

I

Matthew and Britt each pleaded guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371. As part of their sentences, the court imposed a requirement that they pay restitution to the victim, TRICARE. The court originally ordered defendants to pay restitution to TRICARE in the sum of $4,776,768.37, together with a special assessment of $100 for each defendant. Matthew's restitution obligation was to be paid jointly and severally with Erik Bugen, Jody Sheffield, and Britt. Britt's restitution

obligation was to be paid jointly and severally with Erik Bugen, Jody Sheffield, and Matthew. Portions of the restitution obligation have been paid, including portions paid pursuant to a civil settlement in a related case. The payment progress is reflected in the clerk of court's last updated restitution ledger, which reflects a total outstanding restitution balance of $755,363.24.

On June 13, 2026 Britt received a letter from the Financial Litigation Unit ("FLU") of the U.S. Department of Justice. The letter listed a restitution judgment in the sum of "4,776,768.37." D. App. (ECF No. 194) at 4. Defendants' counsel sent a clarifying letter to the FLU because this sum was inconsistent with the clerk of court's last restitution ledger. The letter requested an explanation for the discrepancy and informed the FLU that defendants intended to seek a complete accounting, among other things, from the court. The FLU responded and clarified that its letter "did not list [the] current balance," but rather the original judgment amount. *Id.* at 6. The FLU also indicated that "[w]e will look into the balancing issues." *Id.* This is the last correspondence contained in the motion record, and the government has not responded to defendants' instant motion.

II

Defendants ask the court to order the government to take three actions: first, to provide an accounting of the amounts paid toward the joint-and-several restitution obligation; second, to provide a certified payoff statement for each defendant; and, third, to release liens and enter a satisfaction of judgment within 30 days after the certified payoff amount is paid. Defendants also ask the court to hold in abeyance any collections from the FLU pending the

requested accounting.

The court denies defendants' motion. Defendants have not shown that the court has the authority to impose any of these three requirements on the government. Although the court retains the authority to "enforce its restitution order" in a criminal case, *United States v. Cluck*, 2018 WL 4496091, at *1 n.1 (W.D. Tex. Sept. 18, 2018) (quoting *United States v. Yielding*, 657 F.3d 722, 726 (8th Cir. 2011)), nowhere in 18 U.S.C. § 3664 is there a basis for requiring the government to provide the accounting, payoff statements, or lien releases that defendants request.[1] Indeed, other courts have held that there is no "authority that entitles Defendant[s] to" a "full accounting of restitution proceeds[.]" *United States v. Aldridge*, 2026 WL 1697087, at *3 (S.D. Tex. June 11, 2026). While the accounting appears to be the least intrusive of defendants' requests, ordering this remedy would still exceed the court's authority. *Id.* Therefore, the court defendants' motion.

III

Although the court is denying defendants' motion, given the FLU's failure to follow up on its commitment to "look into the balancing issues" and the government's failure to respond to defendants' motion, the court concludes that the government should be directed to respond to the motion. Accordingly, the government is directed to file a response within 14 days of the date this memorandum opinion and order is filed.

---

[1]Defendants cite various subsections of the Mandatory Victims Restitution Act of 1996. 18 U.S.C. § 3664 (j)(k)(d)(m). None appears to be on point.

* * *

For the reasons explained, the court denies defendants' motion, but orders the government to file a response within 14 days of the date this memorandum opinion and order is filed.[2]

**SO ORDERED**.

September 22, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

[2]Defendants make the following alternative requests for relief: first, leave to serve the government with subpoenas under Fed. R. Crim. P. 17(c), or such other process as the court deems appropriate, sufficient to obtain the payment and allocation records of each payor; and, second, an order directing the government to designate, within seven days, counsel authorized to confer with defendants regarding the accounting, the payoff amount, and satisfaction of the judgments. Although defendants have not shown that the court has the authority to order this relief, the government is directed to respond to the alternative requests for relief when it files the response required by this memorandum opinion and order.